NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LONGCAI CHEN,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 23-878

Agency No. A209-871-411

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 31, 2026[**]
San Francisco, California

Before: NGUYEN, MILLER, and COLLINS, Circuit Judges.

Petitioner Longcai Chen, a native and citizen of China, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") upholding an order of

an Immigration Judge ("IJ") denying his application for asylum and withholding of

removal. We have jurisdiction under § 242(a) of the Immigration and Nationality

Act ("INA"), 8 U.S.C. § 1252(a). We review the agency's legal conclusions de

novo and "both [its] underlying factual findings and [its] application of the INA to

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

those findings" for substantial evidence. *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026); *see Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, the agency's determinations "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Urias-Orellana*, 146 S. Ct. at 852–53 (holding that this same standard applies to "the persecution determination"). We deny the petition.

Substantial evidence supports the agency's determination that Petitioner's testimony was not credible. *See Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) (holding that adverse credibility determinations are reviewed for substantial evidence). Petitioner's asylum and withholding claims are based on alleged persecution on account of his religion (Christianity) and his political opinion (opposition to China's policy of coercive population control). Relying on the IJ's factual determinations, the BIA upheld the IJ's conclusion that Petitioner made several misrepresentations and false statements in a 2016 visa application, which was submitted years after his wife's alleged tubal ligation and before his alleged religious persecution by the Chinese government began. These included misrepresentations about his education, prior employment, whether he had relatives in the United States, and whether he received help preparing the application. "[L]ies and fraudulent documents when they are no longer necessary for the immediate escape from persecution do support an adverse [credibility]

2

inference." *Singh v. Holder*, 638 F.3d 1264, 1272 (9th Cir. 2011). Indeed, a deliberate lie to immigration authorities "*always* counts as substantial evidence supporting an adverse credibility finding, unless the lie falls within the narrow . . . exception" for lies necessary to avoid persecution. *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) (emphasis added) (simplified).

The BIA also observed that Petitioner's admitted return to China, which occurred after his wife's alleged surgery, supported the inference that his testimony was not credible. *See Loho v. Mukasey*, 531 F.3d 1016, 1018 (9th Cir. 2008) (holding that such an inference is warranted). The BIA further noted that Petitioner testified inconsistently about his church attendance following his release from detention, an issue central to his religious-persecution claim. *See Singh*, 643 F.3d at 1180 ("An applicant will naturally be more likely to remember and relate the facts that are important to his claim."). Ultimately, "our cases have allowed IJs to make adverse credibility determinations based on the maxim *falsus in uno, falsus in omnibus*—false in one thing, false in everything." *Ani v. Bondi*, 155 F.4th 1118, 1127 (9th Cir. 2025). Nothing in the record compels a contrary determination here.

Even absent credible testimony, an applicant for asylum or withholding of removal may establish a meritorious case based on documentary evidence alone. *See Al-Harbi v. INS*, 242 F.3d 882, 889–90 (9th Cir. 2001). But substantial

evidence supports the agency's conclusion that Petitioner failed to do so here. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Petitioner's principal documentary evidence of past persecution is a 2017 letter from his wife, addressed to the IJ, stating that the Chinese government coerced her into undergoing tubal ligation surgery and describing her husband's alleged religious persecution. But the IJ found this letter to be insufficiently reliable, concluding that Petitioner's wife may have lied about whether the surgical procedure was coerced and whether it occurred at all. The BIA upheld that conclusion, and the record does not compel a contrary one. As to future persecution, Petitioner's country conditions evidence does not compel the conclusion that Petitioner has a well-founded fear that he will be subjected to mistreatment rising to the level of persecution.

**PETITION DENIED.**